UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEVERLY BOYKIN ) | |
| ) | Case Number |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| AMERICAN COLLECTIONS ) | |
| ENTERPRISE, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Beverly Boykin by and through her undersigned counsel, Brent F. Vullings, Esq. and Bruce K. Warren, Esq of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Beverly Boykin (hereinafter "Plaintiff"), individual consumers, bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Beverly Boykin ("Plaintiff") are adult natural persons residing at 8787 Branch Avenue, Clinton, MD 20735.

5. Defendant, American Collections Enterprise, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 205 S. Whiting Street, Ste. 500, Alexandria, VA 22304 and 830 Bear Tavern Road, Trenton, NJ 08628.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Beginning on or about December 28, 2009, Defendant began a series of

harassing and abusive telephone communications with Plaintiff regarding alleged consumer debt, although Defendant willfully refused to identify the creditor. .

8. Defendant's agents called several times per week.

9. On numerous occasions, Plaintiff has asked Defendant's agents to identify themselves and their client, however, Defendant has failed and refused.

10. Defendant has never sent Plaintiff a written communication.

11. Upon Plaintiff questioning the validity of the debt and the propriety of the calls, an agent for the Defendant indicated to Plaintiff that Defendant would take "legal action" if Plaintiff did not pay the debt.

12. Defendant's agent also told Plaintiff in a conversation on or about December 28, 2009 that the agent's call was "legal notice" that she had to pay the debt.

13. On or around January 19, 2010, Plaintiff sent a letter to Defendant requesting validation of the debt and disputing the validity of the debt.

14. Defendant's agents have not sent verification of the debt.

15. Notwithstanding the Defendant's willful failure to validate the debt it continues to contact Plaintiff.

16. Defendant can not file legal action against the Plaintiff, nor does it intend to sue Plaintiffs for the alleged debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiffs in connection with the collection of a debt.

18. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT ONE – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

   a. c(a)(1) Defendant's agents contacted Plaintiffs at an unusual time or place known to be inconvenient to Plaintiffs;

  b. d  Defendant's agents' conduct was harassing, oppressive and abusive toward Plaintiffs;

  c. d(2)  Defendant's agent used abusive language toward Plaintiffs;

  d. e  Defendant's agent used false, deceptive and misleading representations to attempt to collect the alleged debt from Plaintiffs;

  e. e(5)  Defendant's agent threatened to take action was not intended to be taken;

  f. e(10)  Defendant's agent used false representation or deceptive means to attempt to collect the alleged debt from Plaintiffs;

  g. f  Defendant's agent was unfair and unconscionable in his attempt to collect the alleged debt from Plaintiffs;

  h. f(6)  Defendant's agent threatened to unlawfully disable Plaintiffs' property, including but not limited to wages;

  i. g  Defendant failed to send Plaintiffs the thirty (30) day validation notice within five (5) days of the initial communication.

  **WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, American Collections Enterprise, Inc. and Order the following relief:

  a. Actual damages;

  b. Statutory damages pursuant to 15 U.S.C. §1692k;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

             **Respectfully submitted,**

             **WARREN & VULLINGS, LLP**

**Date: February 16, 2010**   **BY: /s/Brent F. Vullings**
             Brent F. Vullings, Esquire
             Warren & Vullings, LLP
             1603 Rhawn Street
             Philadelphia, PA  19111
             215-745-9800   Fax 215-745-7880
             Attorney for Plaintiff